## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

GINA SIMMONS, an individual,

                  Plaintiff,

v.                                    CIVIL ACTION NO.   3:11-0801

JANET NAPOLITANO, SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY, TRANSPORTATION,
SECURITY ADMINISTRATION,

                  Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Janet Napolitano's Motion to Enforce Settlement Agreement. ECF No. 73.   Pursuant to *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535 (4th Cir. 2002), the Court conducted a plenary evidentiary hearing.   Based upon the evidence adduced at the hearing and the arguments of the parties, the Court **GRANTS** the motion.

On July 16, 2013, the parties appeared for a private mediation.   The parties selected Kevin Nelson as the mediator.   Mr. Nelson is an accomplished attorney with significant experience with mediations.   Mr. Nelson testified he has participated in approximately one hundred mediations as an attorney representing a party and over fifty mediations serving as the mediator.

The mediation was a long process.   According to the testimony, it began around 10:00 a.m. and ended about 7:55 p.m., with food being brought in for lunch.   Throughout the day, the parties negotiated the amount of the settlement until the point in which Plaintiff demanded a settlement of $100,000.   Mr. Nelson testified it was his recollection there were no caveats attached to this demand.   Defendant responded with an offer of $85,000.

Mr. Nelson stated he discussed with Plaintiff and her counsel a potential responsive demand.   According to Mr. Nelson, Plaintiff indicated during their conversation that she was willing to make a demand of $92,500 and $95,000, but she first wanted twenty-four hours to think about it before Mr. Nelson conveyed the demand to Defendant.   Mr. Nelson stated it was clear to him that Plaintiff was uncomfortable accepting anything less than $100,000, so he proposed he tell Defendant that the negotiations for the day were going to end unless Defendant was willing to settle for $100,000.   Mr. Nelson testified Plaintiff agreed to his proposal, and she did not attach any other conditions to the proposed settlement.

Mr. Nelson said he relayed the $100,000 demand, without caveats, to Defendant. After discussion, Defendant agreed to the demand.   However, when Mr. Nelson informed Plaintiff that Defendant accepted her demand, she said she wanted twenty-four hours to think about it.   Mr. Nelson explained to Plaintiff that, at that point, she could not add a twenty-four hour consideration period as a condition of the settlement because she did not include it in the demand accepted by Defendant.   Nevertheless, Plaintiff insisted she be given twenty-four hours to think about the amount.   As Mr. Nelson believed an agreement was reached based upon her last demand

and Defendant's acceptance of that demand, he drafted a "Memorandum of Understanding" to memorialize the agreement.   Neither Plaintiff nor her counsel signed it.

Contrary to Mr. Nelson's testimony, Plaintiff testified that, about three hours into the mediation, she made a demand for $300,000 with the condition she be given twenty-four hours to think about it.   Plaintiff stated she wanted the time to discuss any possible tax ramifications with her accountant.   She also said she was confused by the mediation, but her stance was always that she would have twenty-four hours to consider any amount she would demand.

Whether the parties reached a settlement is governed by West Virginia contract law.   West Virginia "law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syl. Pt. 1, *Sanders v. Roselawn Mem. Gardens, Inc.*, 159 S.E.2d 784 (W. Va. 1968).   For an agreement to be enforceable under contract law, there must be "competent parties, legal subject matter, valuable consideration, and mutual assent.   There can be no contract if there is one of these essential elements upon which the minds of the parties are not in agreement." Syl. Pt. 5, *Virginian Export Coal Co. v. Rowland Land Co.*, 131 S.E. 253 (W. Va. 1926).

In this case, the only issue in dispute is whether there was mutual assent.   "The contractual concept of 'meeting of the minds' or 'mutual assent' relates to the parties having the same understanding of the terms of the agreement reached." *Messer v. Huntington Anesthesia*

-3-

*Group, Inc.*, 664 S.E.2d 751, 759 (W. Va. 2008) (per curiam) (citing 17 C.J.S. *Contracts* § 35 (1999)).   For mutuality to exist, there must be a proposal or offer by one party and acceptance by another party.   "Both the offer and acceptance may be by word, act or conduct that evince the intention of the parties to contract.   That their minds have met may be shown by direct evidence of an actual agreement or by indirect evidence through facts from which an agreement may be implied." *Bailey v. Sewell Coal Co.*, 437 S.E.2d 448, 450-51 (W. Va. 1993) (citing *Lacey v. Cardwell*, 217 S.E.2d 835 (Va. 1975); *Charbonnages de France v. Smith*, 597 F.2d 406, 415-16 (4th Cir. 1979)).

Upon listening to the testimony in this case and the arguments of the parties, the Court finds Mr. Nelson's testimony credible.   When Plaintiff brought up the twenty-four hour consideration period, Mr. Nelson explained to her that a demand, with a condition that she be given twenty-four hours to consider it, was not really a demand.   Mr. Nelson testified he told Plaintiff, if she wanted to make a lower demand, she needed to make it then or the mediation would end for the day.   After sensing that she did not want to go lower than $100,000, he proposed informing Defendant she would not agree to less than $100,000, which was the previous demand she made without the twenty-four hour consideration period.   Mr. Nelson testified Plaintiff agreed to this proposal.

Given Mr. Nelson's extensive experience with mediations and the fact he explained to Plaintiff that attaching a twenty-four hour caveat to lesser amounts of $92,500 and $95,000 were not actual demands, the Court finds it would have made no sense for Mr. Nelson then to turn

-4-

around and tell Defendant that Plaintiff wants twenty-four hours to think about demanding $100,000 and asking Defendant if it would agree to that demand on the condition Plaintiff would have twenty-four hours to change her mind.  The Court finds Mr. Nelson's testimony credible that, instead, Plaintiff agreed to demand $100,000 without any caveats.  When Defendant accepted that demand, there was mutual assent and an enforceable contract was formed. Although Plaintiff may have had second thoughts after she was told Defendant accepted her demand of $100,000, it was too late at that point for her to add any other conditions to the settlement.  Accordingly, as the parties entered into a binding contract, the Court **GRANTS** Defendant's Motion to Enforce Settlement Agreement. ECF No. 73.

The Court **DIRECTS** the Clerk to send a copy of this Order to all counsel of record and any unrepresented parties.

ENTER:        August 27, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE